## ISAAC WALKER v. STATE, for the Use of ELIZABETH HUDSON.

High Court of Errors and Appeals. June 13, 1818.

*Clayton's Notebook, 68*.*

---

* This case is also reported in *Ridgely's Notebook II, 138.*

*Rogers,* for plaintiff in error. First, the plaintiff below ought in his replication to have assigned a breach of the condition of the bond, because the condition is collateral to the bond; and having failed so to do, it is error, for it is settled that in debt on bond for the doing of anything else but the payment of a gross sum of money, on the appearance of defendant in bail bond, the plaintiff is bound to suggest his breaches. 3 Saund. 187a. The true distinction seems to be taken by Lord Holt in the case of *Meredith v. Allen,* 1 Salk. 138, that in all cases (that to perform an award excepted), if the defendant pleads a special matter that admits and excuses a non-performance, the plaintiff need only answer and falsify the special matter alleged; for he that excuses a non-performance supposes it, and the plaintiff need not show that which defendant has supposed and admitted. But if the defendant pleads a performance of the condition, though it be not well pleaded, the plaintiff in his replication must show a breach, for then he has not a cause of action unless he shows one. 1 Saund. 103, n. 4.

Second, the defendant offered in evidence at the trial below the record of the granting of letters of administration *de bonis non, cum testamento annexo* to [——],[2] but the Court refused to permit it to go to the jury. We conceive that Elizabeth Hudson's remedy is against the administrator *de bonis non* for the legacy which is stated to be her claim; for perhaps all of the debts of the testator have not been paid, and so Elizabeth Hudson has no claim upon the estate, and there is no person but the administrator *de bonis non* who can be supposed conusant of that fact. If Rebecca Appleton had wasted the estate or died with part of the testator's effects in her hands, the administrator *de bonis non* might have had an action in the name of the State against her surety in the testamentary bond, but no other person could.

[2] Blank in manuscript.

Third, it does not appear on the record that E. Hudson is otherwise interested than as a creditor of the testator. The record ought to show how the person for whose use the suit is brought is interested—at least that he is not a creditor—for the Act of Assembly, 2 Del.Laws 890, in regard to them, prescribes a special cause of proceeding different from that in other cases.

*Vandyke,* for defendant in error. First, it is not necessary for us to deny that the Statute, 8 & 9 Will. & Mary, c. 11, s. 8, requires the plaintiff in suits on bonds for the performance of covenants and other collateral matters to assign a breach specially. But suits on administration and testamentary bonds are not within the Statute, but are to be conducted pursuant to the Act of Assembly, 1 Del.Laws 93, c. 30a, s. 12, which prescribes the special mode of proceeding. The reason of the special assignment of the breach is that the jury may be enabled to ascertain the precise damages sustained, but in these suits the judgment is for the penalty and merely cautionary. It is necessary to sue out a *scire facias,* and in that subsequent proceeding it is that the breaches ought to be assigned. The question is, in the first instance, whether or not the bond is forfeited by non-performance of the condition; after that is settled in the affirmative, comes the question of damages.

Second, the record of the granting of letters of administration *de bonis non* was considered below as irrelevant to the issue of performance or non-performance and rejected on that account.

Third, we have pursued the course directed by the Act, 1 Del. Laws 93. The proceedings prescribed by the Act, 2 Del.Laws 890, form an exception to those under the former Act. The defendant below ought, if he intended to rely upon the fact of our being a creditor, to have put it upon the record. The Court will not intend E. Hudson to be a creditor, any more than an infant or *feme covert.* Creditors form a particular class of claimants. It is intimated that E. Hudson's claim ought to be spread upon the record, but the *scire facias* is the proper stage for that to be done.

*Rogers,* in reply. The reason why the plaintiff ought to assign a breach is that the defendant may know what the defendant intends proving, and not that the jury may be enabled to ascertain the damages, for they are not to be inquired of but on the *scire facias.* And the assignment ought to be of one single breach. The Act of Assembly only affects the proceedings in the particulars specified by it. It leaves others to be regulated by the principles and law applicable to similar cases.

The record of the granting of letters of administration *de bonis non* might have been relevant, for it would have laid the foundation for us to show that we were discharged by a payment to the administrator *de bonis non* of all monies which had come to the hands of our principal.

As to the third objection, it was not incumbent on the defendant to give notice of it on the record; he could not plead it. It was the duty of the plaintiff to show her interest.

PER CURIAM. (Present: RIDGELY, CHANCELLOR, BOOTH, C. J., and WARNER, PAYNTER and COOPER, JJ.)

This case is to be governed by the Statute, 8 & 9 Will. [& Mary,] c. 11, s. 8. It certainly has been considered in force in this state in other cases, and we see no reason why it should not be extended to administration and testamentary bonds. As the intention of our Act was that judgments recovered under it should be for the benefit of all interested, it had to go beyond the Statute and direct that the judgment in the first instance should be for the penalty, upon which judgment a *scire facias* issues to ascertain the amount actually due the person for whose use the suit was brought. Under the Statute, no person could proceed upon the judgment but the party; under our Act, any person may proceed on the judgment.

The defendant in this case pleaded performance, and the plaintiff joined issue upon the plea, which is error. He ought to have assigned a special breach in his replication.

The last objection is also a fatal one. The interest of the person for whose use the suit is brought ought to appear upon the record. We are of opinion that it should be set forth in the declaration. The bond is for the use of persons interested; none other have any right to proceed upon it.

The Court gave no judicial opinion on the second objection, but THE CHANCELLOR said it was his opinion that a legatee, heir or creditor might maintain a suit against the executor or administrator, and that that was the proper course. The practice has been in a considerable degree that the representatives of an executor or administrator should pay over to administrator *de bonis non,* and that suit would lie against administrator *de bonis non,* where assets have come to the hands of the original executor or administrator; but I have always considered such practice as illegal.

BOOTH, C. J., stated the same thing and added that those cases which had come before the Court passed *sub silentio*—the question had never been made.

Judgment reversed.

NOTE. The judgment of the Court upon the first point is certainly correct, yet it appears to be very clear that these suits are not within the Statute, 8 & 9 Will. & Mary. They are regulated by our own Acts of Assembly and common law. In regard to the assignment of a breach of a condition to a bond, it was always necessary at common law that there should be an assignment, and further that there should be but one breach shown, for one single breach was sufficient to forfeit the bonds. So it would appear that in suits on public bonds no more than one breach can be assigned. 1 Esp.N.P. 207.